UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

WILLIAM ANDREW BAILEY, JACK RONALD )
BARBER, DAVID EARLE COOKE, FREDDIE )
JOE DONZE, II, JEROME W. HARDY, )
FRED JEMISON, JR., VANESSA )
PEEPLES, and MARK E. SMITH, )
)
    Plaintiffs, )
)
vs. )  CV97-8-506-NE
)
MUTUAL SAVINGS LIFE INSURANCE )
COMPANY, )
)
    Defendant. )
_____)

FILED
97 JUN 16 PM 1:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED
JUN 16 1997

## MEMORANDUM OPINION

This action is before the court on several motions to dismiss filed by defendant. Upon consideration of the motions, the pleadings, and plaintiffs' responses, this court concludes the motions are due to be granted, but only in part. Because there are seven plaintiffs in this action, each alleging different claims, each plaintiff's claims will be addressed separately.

### I. PLAINTIFFS' FEDERAL CLAIMS

**A.  William Andrew Bailey**

Plaintiff Bailey (a Caucasian male) alleges he was subjected to a "racial[ly] hostile environment created by agents of defendants, including his supervisor, Charlie Waddle" in violation of both Title VII and § 1981. (Plaintiffs' Complaint, ¶ 11-12.) Defendant has not sought to dismiss those claims.

**B.  Jack Ronald Barber**

Plaintiff Barber (a Caucasian male) alleges he was retaliated against by defendant in violation of Title VII and § 1981, because

of his opposition to racial problems created by his supervisor. (Plaintiffs' Complaint, ¶ 13.) Defendant asserts that a retaliation claim is not viable under § 1981. In support of that argument, defendants present two district court opinions, but no mandatory authority. As one commentator has noted, "the effect, if any, of the 1991 Act [i.e., the Civil Rights Act of 1991, 42 U.S.C. §§ 2000e, et seq.] on this issue is not yet resolved." B. Lindemann & P. Grossman, *Employment Discrimination Law* 683 (3d ed. 1996). At present, this court is not inclined to dismiss those claims, but defendant may more fully develop that argument, and the case law authority in support thereof, at the summary judgment stage.

Plaintiff Barber also alleges he was discriminated against by defendant, because of his age (45), in violation of the Age Discrimination in Employment Act ("ADEA"). 29 U.S.C. §§ 621 et seq. Defendant has not moved to dismiss that claim.

### C. David Earle Cooke

Plaintiff Cooke (a Caucasian male) alleges he was subjected to a "racially hostile work environment" in violation of both Title VII and § 1981. (Plaintiff's Complaint, ¶ 15.) Defendant has not moved to dismiss those claims.

### D. Freddie Joe Donze, II

Plaintiff Donze (a black male) alleges he was retaliated against by defendant for opposing "racially polarized actions and attitudes of company management," in violation of both Title VII and § 1981. (Plaintiff's Complaint, ¶ 17.) Those claims survive

2

defendant's motions for the reasons discussed in relation to plaintiff Barber's retaliation claims.

Plaintiff Donze also alleges he was discriminated against because of his disability (substance abuse) in violation of the Rehabilitation Act of 1973, 29 U.S.C. §§ 791 et seq., and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 et seq. Defendant challenges the validity of only Donze's Rehabilitation Act claim.

To prove discrimination under the Rehabilitation Act, a plaintiff must show that he or she: (1) is "handicapped" within the meaning of the Act and relevant regulations; (2) is "otherwise qualified" for the position in question; (3) worked for a program or activity that received federal financial assistance; and (4) was adversely treated solely because of his or her handicap. *Jackson v. Veterans Administration*, 22 F.3d 277 (11th Cir. 1994)(citing *Chandler v. City of Dallas*, 2 F.3d 1385 (5th Cir. 1993), *cert. denied*, __ U.S. __, 114 S.Ct. 1386 (1994). The mandates of the Rehabilitation Act apply only to "recipients" of federal funds. *See United States Department of Transportation v. Paralyzed Veterans of America*, 477 U.S. 597, 106 S.Ct. 2705 (1986).

> By limiting coverage to recipients, Congress imposes the obligations of § 504 upon those who are in a position to accept or reject those obligations as a part of the decision whether or not to "receive" federal funds.

*Paralyzed Veterans of America*, 477 U.S. at 606, 106 S.Ct. at 2711. Defendant has submitted the affidavit of Don A. Johnson (its President and Chief Executive Officer), who states that "Mutual Savings Life Insurance Company does not receive any Federal

3

financial assistance." (Johnson Affidavit, ¶ 4.) Thus, because the undisputed evidence shows defendant does not "receive" federal funds, plaintiff Donze's Rehabilitation Act claim is due to be dismissed.

### E. Jerome W. Hardy

Under the Title VII count of the complaint, plaintiffs allege the following in relation to plaintiff Hardy (a black male):

> Plaintiff Jerome W. Hardy is employed by the Defendant and performs his job duties in a competent manner. Plaintiff Hardy is aware of Defendant's discriminatory practices with reference to race, age, and sex. Plaintiff has opposed the conduct and behavior of Charlie Waddle.

(Plaintiffs' Complaint, ¶ 19.) Plaintiff Hardy's § 1981 claim merely re-avers and incorporates that same language. Hardy has failed to present a claim under either statute. The mere fact that Hardy was "aware" of alleged discriminatory practices by defendant does not automatically confer the right to bring an action. Plaintiff Hardy must allege some concrete injury. Hardy has failed to allege that he was subjected to any adverse employment decision in regard to defendant's "discriminatory practices" or in retaliation for opposing that discriminatory conduct. Accordingly, Hardy's Title VII and § 1981 claims are due to be dismissed.

### F. Fred Jemison, Jr.

Plaintiffs' Title VII and § 1981 allegations in relation to plaintiff Jemison (a black male) also are fatally flawed. The complaint alleges:

> Plaintiff Fred Jemison, Jr. is employed by the Defendant and performs his job duties in a competent manner. Plaintiff Jemison is aware of the racial slurs and

4

> comments made by Charlie Waddle and other agents of the
> defendant, and the discriminatory practices of Defendant
> with reference to race, age and sex.

(Plaintiffs' Complaint, ¶ 20.) That language, like the language in relation to Hardy's claim, fails to state any injury or adverse employment action taken against Jemison. Accordingly, Jemison's Title VII and § 1981 claims are due to be dismissed.

### G.  Vanessa Peeples

Plaintiff Peeples (a black female) alleges she has been denied promotions because of her sex and race in violation of Title VII and § 1981. Section 1981 does not provide a remedy for discrimination based on sex. See *Runyon v. McCrary*, 427 U.S. 160, 167, 96 S.Ct. 2586, 2593, 49 L.Ed.2d 415 (1976). Accordingly, to the extent plaintiff Peeples' § 1981 claim seeks to redress discrimination based on sex, it is due to be dismissed.

### H.  Mark E. Smith

Plaintiff Smith (a Caucasian male) alleges he has been retaliated against, in violation of both Title VII and § 1981, because he opposed defendant's "discriminatory practices with reference to race, age and sex." (Plaintiffs' Complaint, ¶ 24.) Those claims survive defendant's motions for the reasons discussed in relation to plaintiff Barber's retaliation claims.

## II.  PLAINTIFFS' STATE LAW CLAIMS

All plaintiffs have alleged pendent state law claims for the tort of outrage and breach of contract.

5

## A. Tort of Outrage

The elements of the tort of outrage are: (1) defendants either intended to inflict emotional distress, or knew or should have known that emotional distress was likely to result from their conduct; (2) defendants' conduct was extreme and outrageous; and (3) defendants' conduct caused emotional distress so severe that no reasonable person could be expected to endure it. *See, e.g., American Road Service Co. v. Inmon*, 394 So. 2d 361, 365 (Ala. 1981). Further, the conduct must be "so outrageous in character and so extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized society." *Id.* The outrage standard is quite high: mere annoyances or indignities are not enough to make defendants liable for outrage. Although the pleadings in the action do not suggest facts which would establish conduct so outrageous as "to be regarded as atrocious and utterly intolerable in a civilized society," *id.*, this court will not dismiss such a claim without first allowing plaintiffs to fully develop the underlying facts of this action. Accordingly, defendant's motion to dismiss plaintiffs' outrage claims are denied without prejudice.

## B. Breach of Contract

To establish a breach of contract claim, plaintiffs must prove: (1) the existence of a valid contract binding the parties in the action; (2) their own performance under the contract; (3) the defendant's nonperformance; and (4) damages. *Southern Medical Health Systems v. Vaughn*, 669 So. 2d 98, 99 (Ala. 1995).

6

> Under current Alabama law, all employees are employees at will unless they meet one of the exceptions outlined in *Hoffman-La Roche, Inc. v. Campbell*, 512 So. 2d 725 (Ala. 1987): 1) a clear, unequivocal offer of lifetime employment or employment of a definite duration; 2) power in the hiring agent to bind the principal to such an employment contract; 3) substantial consideration provided by the employee for the contract apart from the services to be rendered. *Howard v. Wolff Broadcasting Corp.*, 611 So.2d 307, 309 (Ala. 1992), cert. den. 507 U.S. 1031, 113 S.Ct. 1849, 123 L.Ed.2d 473 (1993).

*Stutts v. Sears, Roebuck & Co.*, 855 F. Supp. 1574, 1582 (N.D. Ala. 1994). Plaintiffs have failed to allege that their employment with defendant was something other than "at will." Thus, plaintiffs cannot sufficiently prove an essential element of their breach of contract claims: damages.

> The element of actual injury is one that plaintiff cannot meet; since an employee at will may be terminated at any time for any reason or for no reason, he cannot show injury from the fact of changes in his employment, even if those changes are attributable to malicious action on the part of the employer. *Salter v. Alfa Insurance Co.*, 561 So.2d [1050,] 1053-54 (Ala. 1990).

*Stutts*, 855 F. Supp. at 1582. Accordingly, plaintiffs' breach of contract claims are due to be dismissed.

### III. CONCLUSION

For the foregoing reasons, defendant's motions are due to be granted in part, but denied in part. An order consistent with this memorandum opinion will be entered contemporaneously herewith.

DONE this _16th_ day of June, 1997.

*[signature]*
United States District Judge