## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

WILLIAM ANDREW BAILEY, JACK RONALD )
BARBER, DAVID EARLE COOKE, FREDDIE )
JOE DONZE, II, JEROME W. HARDY, )
FRED JEMISON, JR., VANESSA )
PEEPLES, and MARK E. SMITH, )
)
    Plaintiffs, )
)
vs. ) Civil Action No. CV97-S-506-NE
)
MUTUAL SAVINGS LIFE INSURANCE )
COMPANY, )
)
    Defendant. )




ENTERED
JUL 17 1997

### MEMORANDUM OPINION

This action is before the court on plaintiffs' motion to amend their complaint, and the response thereto of defendant Mutual Savings Life Insurance Company ("Mutual Savings") which contains a motion to dismiss. Upon consideration of the motions, pleadings, and evidentiary submissions, this court determines it would be unaided by oral argument of counsel and, therefore, <u>this action is removed from the court's July 22, 1997 motion docket</u>. Further, this court concludes plaintiffs' motion is due to be granted, and Mutual Savings' motion is due to be granted in part, and denied in part.

Plaintiffs' amended complaint seeks to add the following claims: (1) claims on behalf of plaintiffs Fred Jemison and Jerome Hardy for "Defendant's discriminatory conduct in violation of Title VII and 42 U.S.C. Section 1981"; and, (2) "to add Charlie Waddle, the District Manager for Mutual Savings as a Defendant ... in his official capacity and his individual capacity under 42 U.S.C.

31

Section 1981 and state law claim for the tort of outrage." (Motion to Amend, ¶¶ 1-3.)

## I. DISCUSSION

### A. Plaintiff Jemison's Title VII claim

Before instituting a Title VII suit, a private plaintiff must file an EEOC complaint against the discriminating party within 180 days of the alleged discrimination, and, must receive statutory notice of the right to sue the respondent named in the charge.[1] *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). Plaintiff Jemison did not file an EEOC charge and, therefore, defendant moves to dismiss his Title VII claim. There is an exception to the 180 day rule, however, known as the "single filing rule." *Jones v. Firestone Tire and Rubber Company*, 977 F.2d 527, 532 (11th Cir. 1992). The Eleventh Circuit explained the "single filing rule" as follows:

> [I]n a multiple-plaintiff non-class action suit, if one plaintiff has filed a timely EEOC complaint as to that plaintiff's individual claim, then co-plaintiffs with individual claims arising out of similar discriminatory treatment in the same time frame need not have satisfied the filing requirement. ... First, at least one plaintiff must have timely filed an EEOC complaint that is not otherwise defective.... Second, the individual claims of the filing and non-filing plaintiffs must have arisen out of similar discriminatory treatment in the same time frame.

*Jackson v. Seabord Coast Line R. Co.*, 678 F.2d 992, 1011-12 (11th Cir. 1982)(citations omitted). Jemison seeks to rely on plaintiff Jack Barber's EEOC charge, which was filed on July 3, 1996.

---

[1] The conditions precedent to a Title VII action are generally found in 42 U.S.C. § 2000e-5.

2

Jemison may not rely on Barber's charge, however, if his claims were time-barred at the time Barber filed the charge. See *Laffey v. Northwest Airlines, Inc.*, 567 F.2d 429, 472 (D.C. Cir. 1976), cert. denied, 421 U.S. 1011, 98 S.Ct. 1281, 55 L.Ed.2d 792 (1978). Jemison tendered his resignation to Mutual Savings on October 20, 1995, approximately 257 days before Barber filed his charge. (Affidavit of Robert E. Colburn Jr., ¶ 3.)[2] Thus, Jemison's claims, based on any conduct that occurred before he resigned on that date, were time-barred at the time Barber filed his charge.

Although Jemison returned to work for Mutual Savings on November 4, 1996, he has not alleged that he was subjected to any discriminatory conduct during that subsequent period of employment. Jemison claims "after Charlie Waddle left the employ [of] Mutual Savings, Jemison almost immediately returned to the employ of Mutual Savings." (Plaintiffs' Reply, at 3.) Jemison asserts that "the conduct of which Barber complains in his EEOC charge is the exact conduct that drove Jemison away from his job at Mutual Savings until the exodus of Charlie Waddle." (Plaintiffs' Reply, at 3.) It is clear that the conduct of which Jemison complains relates only to his initial period of employment. Therefore, his Title VII claim is time-barred. He still may proceed on his § 1981 claim, however.

---

[2] Robert E. Colburn, Jr. is the Assistant Vice-President and Director of Manpower Development and Training for Mutual Savings.

3

### B. Adding Charlie Waddle as a Defendant

Plaintiffs' amended complaint asserts § 1981 claims and pendent state law claims for the tort of outrage against Charlie Waddle, a former District Manager of Mutual Savings. The claims are presented against Waddle in both his individual and official capacity. Plaintiffs' official capacity claims are redundant, because they already assert those same claims directly against their employer, Mutual Savings. *See, e.g., Redpath v. City of Overland Park*, 857 F.Supp. 1448, 1456 (D. Kan. 1994)("where the employer has been sued directly, it is duplicative to sue supervisory employees in their official capacities"). Therefore, plaintiffs' official capacity claims against Charlie Waddle are due to be dismissed.

Mutual Savings also argues that any claims presented under Title VII against Waddle are due to be dismissed. However, "[p]laintiffs are not seeking redress from Charlie Waddle ... under Title VII." (Plaintiffs' Reply, at 6.)

### II. CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend the complaint is due to be granted, and Mutual Savings' motion to dismiss is due to be granted in part. An order consistent with this memorandum opinion shall be entered contemporaneously herewith.

DONE this 17th day of July, 1997.

*[signature]*
United States District Judge

4