UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

FILED

98 MAY 15 PM 3: 42

U.S. DISTRICT COURT
N.D. OF ALABAMA

ENTERED

MAY 1 5 1998

WILLIAM ANDREW BAILEY,          )
JACK RONALD BARBER,             )
DAVID EARLE COOKE,              )
FREDDIE JOE DONZE, II,          )
JEROME W. HARDY,                )
FRED JEMISON, JR.,              )
VANESSA PEEPLES, and            )
MARK E. SMITH,                  )
                                )
        Plaintiffs,             )
                                )
vs.                             )   Civil Action No. CV-97-S-506-NE
                                )
MUTUAL SAVINGS LIFE             )
INSURANCE COMPANY, and          )
CHARLIE WADDLE,                 )
                                )
        Defendants.             )

## MEMORANDUM OPINION

Eight plaintiffs, all present or former employees of Mutual Savings Life Insurance Company, filed this action asserting claims for race and sex-based discrimination and retaliation in violation of Title VII and § 1981, and for the tort of outrage. Additionally, certain plaintiffs assert claims under the Age Discrimination in Employment Act claim, and the Americans with Disabilities Act.

Four motions are pending in this action. Three were filed by defendant Mutual Savings Life Insurance Company ("Mutual"): a motion for leave to file amendment to answer; a motion to strike the affidavit of plaintiff Jerome W. Hardy submitted in opposition to defendant's motion for leave to amend; and a motion for leave to resume deposition of plaintiff William Andrew Bailey. The remaining motion was filed by plaintiffs, who seek to quash

117

defendant's subpoena for the deposition of plaintiff Freddie Lee Donze.

The court has reviewed the pleadings, motions, and briefs, and has heard oral argument from counsel for both parties. The motions now are ripe for decision.

### I.  DEFENDANTS' MOTIONS

**A.  Mutual's Motion for Leave to File Amendment to Answer**

Mutual moves the court for leave to file a Third Amended Answer to assert four additional defenses:

#### Twenty-Eighth Defense

Defendant asserts that Plaintiff Bailey's and Plaintiff Cooke's claims are barred by the doctrine of unclean hands.

#### Twenty-Ninth Defense

Even if Plaintiffs Bailey and Cooke could prove that any act or omission of Defendant was due to a prohibited factor (which they cannot), Defendant has discovered evidence of Plaintiffs' wrongdoing which, if known to Defendant during Plaintiffs' employment, would have resulted in their termination on legitimate and legal grounds.

#### Thirtieth Defense

Defendant avers that any claim by Plaintiffs is due to be offset by any amount of money Plaintiffs owe to Defendant and/or its policyholders. Specifically, Defendant avers that any claim for damages made by Plaintiff Bailey is due to be offset by the amount of policyholder premiums he failed to remit to Defendant or, alternatively, by the amount of the shortage attributable to Plaintiff Bailey as of the date his employment with Defendant was terminated.

#### Thirty-First Defense

Defendant reserves the right to amend its Answer to Plaintiff's Second Amended Complaint to raise any

2

> additional defenses which may become available during the
> discovery process.

(Attachment to Mutual's Motion for Leave to Amend.)   Those four

defenses, if allowed, apply only to the claims of plaintiffs

William Andrew Bailey and David Earle Cooke.   Neither Bailey nor

Cooke still is employed by Mutual.   The circumstances of their

departures, and the time periods immediately thereafter, provide

the setting for Mutual's newly asserted defenses.

William Andrew Bailey was terminated by Mutual on March 12,

1998, following an investigation conducted by his supervisor,

plaintiff Jerome W. Hardy.   Hardy's investigation purportedly

revealed that Bailey had collected policyholder premiums which he

had failed to remit to Mutual.   Mutual contends it discovered those

wrongful acts only upon Hardy's investigation, which commenced on

March 9, 1998.   At oral argument, counsel for Mutual informed the

court that the extent of this alleged misconduct is still being

ascertained.

Davie Earle Cooke voluntarily resigned from Mutual on December

5, 1997.   Audits of two debits conducted on an unspecified date

after his departure allegedly revealed Cooke had violated company

policy by failing to conduct bi-annual audits of debits under his

supervision.   Mutual contends those are terminable offenses.

In support of its motion, Mutual cites *McKennon v. Nashville*

*Banner Publishing Co.*, 513 U.S. 352, 115 S.Ct. 879, 130 L.Ed.2d 852

(1995).   *McKennon* stands for the proposition that after-acquired

evidence operates to limit damage awards, and renders the remedies

3

of reinstatement and front pay presumptively inappropriate. *McKennon*, 513 U.S. at 361-62, 115 S.Ct. at 886. The *McKennon* principle typically arises in a cased based upon wrongful termination. However, this is not such a case.

Neither Bailey nor Cooke has filed a claim for wrongful termination, or for retaliatory discharge. Both assert claims for a racially hostile environment, violations of § 1981, and outrage. Additionally, both Bailey and Cooke seek injunctive relief, and the remedies of "back-pay (plus interest), front-pay, instatement to the position Plaintiffs would have held if Defendant had not discriminated against them because of their race, ... and compensatory and punitive damages." (Amended Complaint at 16.) Therefore, although after-acquired evidence of misconduct (discovered after Bailey was terminated and after Cooke resigned) is irrelevant to determining whether the plaintiffs were exposed to a racially hostile work environment, it may be highly relevant on the subject of any relief which plaintiffs might be awarded on those claims.

Additional considerations also weigh in favor of allowing Mutual leave to amend. The Supreme Court instructs that "[l]eave to amend pursuant to Rule 15(a) should be 'freely given,' in the absence of bad faith on the part of the movant or undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962). Leave to amend is inappropriate when there is an apparent or declared reason, such as: "undue delay, bad faith or dilatory motive on the part of the

4

movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman*, 371 U.S. at 182.

Defendant states that the information on which the newly asserted defenses are based was only recently discovered, and also avers that it informed plaintiffs' counsel of its intent to seek leave to amend the answer before plaintiffs took their first deposition. Plaintiffs' counsel did not dispute those assertions during oral argument. Rather, plaintiffs' counsel argued that late amendment will prejudice his clients' ability to complete discovery by the current June 1, 1998 deadline. Of particular concern to plaintiffs' counsel is his present inability to discuss the matter with Bailey, who now apparently suffers from psychological problems induced, at least in part, by his termination.

The court concludes that the only potential prejudice which could arise from this late amendment may be averted by extending the time for completion of discovery. The parties thus are invited to submit such a motion for the court's consideration. Accordingly, defendant Mutual's motion for leave to amend its answer is due to be granted.

B.   Mutual's Motion to Strike

Defendant Mutual also moves the court to strike the affidavit of Jerome K. Hardy, which plaintiffs submitted in opposition to Mutual's motion for leave to amend. Upon oral argument, counsel for Mutual informed the court that it wished to withdraw its

5

contention that plaintiffs' counsel may have violated Alabama Rule of Professional Conduct 4.2 by speaking with plaintiff Hardy *ex parte*. In any event, in light of the court's ruling on Mutual's motion for leave to amend, the court deems this motion moot.

C.   **Motion for Leave to Resume Deposition of Plaintiff Bailey**

Mutual seeks leave to reopen the deposition of plaintiff William Andrew Bailey with regard to the allegations of misconduct which were discovered in March during plaintiff Jerome W. Hardy's investigation. The court's decision to permit Mutual to amend its answer to assert additional defenses requires additional discovery from Bailey. Additionally, counsel for Mutual indicated during oral argument that she also seeks to question Bailey regarding some additional documents produced by plaintiffs since Bailey's deposition. Accordingly, Mutual's motion is due to be granted to the extent required to address issues raised by Mutual's amended answer, or to address issues raised by discovery which has been produced since the date of Bailey's deposition.

## II.   PLAINTIFF'S MOTION TO QUASH SUBPOENA

Mutual has issued a subpoena seeking to reopen the deposition of plaintiff Freddie Lee Donze on Monday, May 18, 1998. By motion filed May 14, 1998, plaintiffs seek to quash the subpoena. Mutual has filed no response, but both parties presented oral argument on the issues raised in the motion. The court first undertakes a brief recitation of the facts which underlie plaintiffs' motion.

Plaintiff Freddie Lee Donze was formerly employed by Mutual as an insurance agent. Mutual accused Donze of misappropriating

6

funds, and terminated his employment. Thereafter, Mutual initiated criminal proceedings against Donze for the alleged misappropriation. Counsel have informed the court that those proceedings remain mired in the Circuit Court of Jefferson County, awaiting resolution.

On November 24, 1997, plaintiffs filed a motion to sever and stay this civil action with regard to all of Donze's claims, pending resolution of the criminal action. (Doc. No. 63.) On November 25, 1997, this court entered an order granting that motion. (Doc. No. 64.) On December 2, 1997, Mutual filed a motion to reconsider that ruling. (Doc. No. 65.) The court heard oral argument on Mutual's motion to reconsider at a hearing held in Birmingham, Alabama, on January 8, 1998. Following that hearing, the court stamped Mutual's motion to reconsider "Moot." (Doc. No. 81.) That action apparently engendered some confusion among counsel as to the court's decision regarding the parameters of Mutual's deposition of Mr. Donze.

Nevertheless, on March 31, 1998, Mutual deposed Donze. At plaintiffs' counsel's insistence, Mutual limited its questioning of Donze to factual corroboration of other plaintiffs' claims, but avoided any matters relating to the pending criminal action. Mutual recorded its objection, however, that it believed the court's ruling at the January 8th hearing permitted Mutual to question Donze as to all relevant matters, although he would be permitted, without objection by Mutual, to assert his Fifth Amendment rights to any particular question.

7

This court's order severing and staying Donze's claims in this proceeding remains in effect, and that action will not be revisited. Nevertheless, the court recognizes the difficulty Donze's presence in this case causes for Mutual. Even if Mr. Donze is permitted to testify as a fact witness solely to corroborate the claims of other plaintiffs, Mutual has a right to fully develop facts which could be used to impeach his testimony and attack his credibility. On the other hand, Donze's Fifth Amendment rights are inviolable, and this court is concerned that opening the door to permit more questioning by Mutual could infringe those rights.

Upon consideration of those issues, and following oral argument, the court concludes plaintiffs' motion to quash is due to be granted, but only to the extent that Mutual seeks to question him regarding the circumstances of his termination and the related criminal charges, or as to the facts underlying his civil claims in this action against Mutual. Mutual will be permitted to redepose Mr. Donze on matters outside that limitation, as a corroborative fact witness only.

### III. CONCLUSION

Upon consideration of the pleadings, motions, briefs, and oral argument of counsel, the court finds that the following motions are due to be granted: defendant Mutual's motion for leave to amend; defendant Mutual's motion to redepose plaintiff Bailey, as limited *supra*; and plaintiff's motion to quash subpoena, as modified *supra*. Defendant Mutual's motion to strike the affidavit of Jerome Hardy

8

is deemed moot.  An order consistent with this opinion shall be entered contemporaneously herewith.

DONE this _15th_ day of May, 1998.

_____
United States District Judge

9